UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH L. WHITE,

       Plaintiff,

                                      File No. 1:10-cv-1031

v.

                                      HON. ROBERT HOLMES BELL

JPMORGAN CHASE BANK, N.A.
and CITIBANK, N.A.,

       Defendants.

_____/

**O P I N I O N**

      This matter is before the Court on Defendant JPMorgan Chase's motion for summary judgment. (Dkt. No. 33.) Included in Defendant's motion is an objection to Kenneth L. White as Plaintiff on the basis that Mr. White is not the real party in interest as required by Fed. R. Civ. P. 17. Because the Court agrees that Plaintiff is not the real party in interest, Plaintiff's complaint will be dismissed.

      Plaintiff Kenneth L. White was President and sole shareholder of Steigmeyer, Inc. (Dkt. No. 1-2, Pl. Compl. ¶ 7.) In October of 2007, Plaintiff began negotiations on behalf of Steigmeyer to sell Steigmeyer's assets to a buyer. (*Id.* at ¶ 10.) According to Plaintiff, an initial oral agreement was reached to sell Steigmeyer's assets for $175,000. (*Id.* at ¶ 11.)

      On October 10, the buyer obtained an official bank check from Defendant Chase Bank in the amount of $75,000, payable to Plaintiff. (*Id.* at ¶ 15.) On October 11, "Plaintiff, as president and sole shareholder of Steigmeyer, Inc., received from the buyer the $75,000

official bank check and thereupon deposited the check into Steigmeyer, Inc.'s bank account with Defendant Chase Bank." (*Id.* at ¶ 16).

Shortly after depositing the $75,000 check, a dispute arose between Plaintiff/Steigmeyer and buyer over the terms of the asset sale. Plaintiff states that further negotiations took place and that a new oral agreement was reached on October 14 which preserved the alleged $175,000 purchase price. (*Id.* at ¶ 20.) On October 15, Steigmeyer and buyer entered into a written contract for the sale of Steigmeyer assets for the price of $100,000. Plaintiff maintains that the $100,000 written sale price was agreed to only after confirmation by a Chase Bank employee that the prior $75,000 check had been deposited to Steigmeyer's account. Defendant maintains that the $100,000 written sale price was the total purchase price. (Dkt. No. 34 at 1.)

It is undisputed that Plaintiff received and deposited a second check in the amount of $100,000 to the Steigmeyer Chase Bank account. It is also undisputed that, on or about October 17, 2007, Defendant charged back the $75,000 deposit from the first check, apparently at the request of buyer. Plaintiff believes that Defendant's refusal to honor the initial $75,000 check is a violation of Michigan's Uniform Commercial Code, while Defendant maintains that Plaintiff's action to recover the $75,000 cancelled check is an attempt at double payment.

Among the several arguments advanced by Defendant in its motion is the contention that Plaintiff is not the real party in interest to bring this suit. Federal Rule of Civil

Procedure 17 states that "an action must be prosecuted in the name of the real party in interest." Defendant argues that Steigmeyer, Inc., not Plaintiff, is the real party in interest, because the agreement for the sale of Steigmeyer's assets was between Steigmeyer, Inc., and the buyer.

Plaintiff believes that Defendant's argument "borders on absurd" because, "if the purchase money for the business was paid to Steigmeyer itself, Mr. White would essentially be giving the business away, rather than selling it." (Dkt. No. 43 at 5.) However, when a corporation sells all or substantially all of its assets, it is the corporation that gives value, and not the shareholder(s). M.C.L. 450.1753.

It is clear from the record that the agreement between Steigmeyer and buyer (Plaintiff was not an individual party to the transaction) constituted an asset sale. The written agreement is labeled "Agreement: Purchase and Sale of Business Assets." (Dkt. No. 34-5, Ex. E.) The contract does not contemplate the sale of Steigmeyer shares. (*Id.*) Rather, it specifies the sale of categories of assets. Indeed, initialed revisions to the contract show that certain categories of assets were excluded from the sale. (*Id.*) Nowhere does Plaintiff deny that the agreement was an asset rather than a stock sale.

Although the $75,000 check which is the subject of this litigation was made out to Plaintiff, not Steigmeyer, Plaintiff acknowledges that he accepted it "as president and sole shareholder of Steigmeyer" and that he "deposited the check into Steigmeyer, Inc.'s bank account." (Dkt. No. 1-2, Pl. Compl. ¶ 16.) The alleged actionable wrong — Defendant

3

charging back the initial $75,000 deposit — was committed against Steigmeyer, not Plaintiff. The funds were removed from Steigmeyer's account, and the real party in interest to recover those funds is Steigmeyer.

Defendant raised its objection to Plaintiff as the real party in interest on June 8, 2011(Dkt. No. 34 at 9-12). As adequate time has passed since the raising of the Rule 17 objection, Plaintiff's complaint will be dismissed for failure to prosecute in the name of the real party in interest. It should be noted, however, that dismissal based on the plaintiff not being the real party in interest generally does not bar a subsequent action by the real party in interest. *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1362 (Fed. Cir. 2010).

Dated: November 27, 2011                /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE